IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUPITER POWER LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:26-cv-00369 |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| JUPITER POWER, LLC, | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Jupiter Power LLC ("Plaintiff Jupiter Power") brings this action against Defendant, Jupiter Power, LLC ("Florida Defendant" or "Defendant"), seeking injunctive relief, as well as for damages for trademark infringement and unfair competition, and in support thereof would show the following:

## I.    PARTIES

1.    Plaintiff Jupiter Power LLC. is a Texas limited liability company with principal offices at 1108 Lavaca St, Suite 110-349; Austin, Texas 78701.

2.    On information and belief, Defendant, Jupiter Power, LLC is a Florida limited liability company with a registered address of 19730 Cypress Ct., Miami, FL 33015.

3.    On information and belief, Defendant also has facilities at least in Los Angeles, California.

## II.    JURISDICTION AND VENUE

4.    Jurisdiction of this Court arises under the laws of the United States concerning actions relating to trademarks and jurisdiction thereover - 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b). Venue is based upon 28 U.S.C. § 1391(a) in that a substantial part of the events

or circumstances giving rise to the claim in relation to which Plaintiff Jupiter Power seeks judgement occurred, exist or emanate from the Western District of Texas.

5.    On information and belief, this Court has personal jurisdiction over Defendant because Defendant has, on information and belief, purposefully adopted a brand and trade name that has resulted in infringing, misleading, and confusing conduct directed into the State of Texas.

6.    Furthermore, Defendant offers their services, including in Texas via their website offerings, under the JUPITER POWER brand.

7.    The results of Defendant's actions have caused actual confusion resulting in impacts upon Plaintiff Jupiter Power, in Texas and in this District.

8.    The exercise of personal jurisdiction over Defendant is authorized by the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041–17.045 and is consistent with the Due Process Clause of the United States Constitution because Defendants have established minimum contacts with Texas and this District, and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.

9.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff Jupiter Power's claims occurred in this District, including the receipt of invoices and subsequent remedial measures necessitated for Plaintiff Jupiter Power for, on information and belief, indebtedness incurred for goods or services purchased by Defendant.

### III.    FACTS

10.    Plaintiff Jupiter Power is a rapidly growing energy related company with facilities and projects in multiple states.

11.    Plaintiff Jupiter Power's services are represented at www.jupiterpower.io.

12.    Plaintiff Jupiter Power is the exclusive owner of all right, title, and interest in U.S. Trademark Registration No. 6357084 for "JUPITER POWER" (the "Registered Mark"), including all associated goodwill and the exclusive right to use, license, enforce, and bring suit to protect the Registered Mark. The registration is valid, subsisting, and in full force and effect.

13.    A true and correct copy of Registration No. 6357084 is attached hereto as **Exhibit A**.

14.    The goods and services description of Plaintiff Jupiter Power's federal trademark registration is:

CLASS 35: Energy usage management; Information in the field of energy efficiency; Providing information in the field of the renewable energy industry, namely, statistical information for business or commercial purposes about the renewable energy industry, Providing industry information relating to the renewable energy industry, Providing public policy information in the field of renewable energy initiatives; Providing commercial information in the field of energy storage; Providing consumer information in the field of energy storage; Providing economic consultation in field of energy storage; Providing industry information relating to the energy storage sector; Retail electricity provider services that allow customers to purchase renewable energy; Retail electricity provider services, namely, providing a service that allows customers to purchase energy, namely, renewable energy.

15.    "JUPITER POWER" is a mark representing the goodwill of Plaintiff Jupiter Power in relation to its energy related services.

16.    Plaintiff Jupiter Power has promoted and sold services under the "JUPITER POWER" mark throughout the United States since at least early 2020.

17.     On information and belief, Plaintiff Jupiter Power is the senior user of "JUPITER POWER" in intrastate commerce.

18.     On information and belief, Plaintiff Jupiter Power is the senior user of "JUPITER POWER" in interstate commerce.

19.     Defendant offers via worldwide broadcast of their offers of inspection and other engineering services via their website, such services relating specifically to the energy industry, and under the brand JUPITER POWER (sometimes with "Engineering Services" appended in substantially smaller letters).

20.     Defendant's services are represented at www.jupiter-power.com.

21.     Defendant's promotion and use of "JUPITER POWER" is directed to and reaches all regions of the United States, including this Judicial District and Division, on information and belief, at least through Defendant's posting on, and sales through the internet and social media platforms.

22.     Plaintiff Jupiter Power has not authorized, consented to, or otherwise acquiesced in the use of "JUPITER POWER" (with or without additional indicia) by Defendant.

23.     Plaintiff Jupiter Power has, on information and belief, suffered commercial and reputational harm as a result of Defendant's unauthorized use of the Registered Mark in interstate commerce.

24.     In November of 2025, Plaintiff Jupiter Power, for example, received an invoice for over $60,000 for services, on information and belief, purchased by Defendant.

25.     The vendor even prodded Plaintiff over a "past due amount" for, among other things, and on information and belief, is a membership of some nature for an "Andy Bowman" that was part of Defendant's invoiced charges.

26.     Furthermore, as an additional example of actual confusion and as a basis for further establishing likelihood of confusion, Defendant's LinkedIn page appears to list multiple individuals as being associated with Defendant when, in fact, they are associated specifically with Plaintiff Jupiter Power.

27.     Defendant is using "JUPITER POWER" in interstate commerce as a brand name for engineering and inspection services specifically directed to the energy industry.

28.     Defendant's use of the "JUPITER POWER" mark is likely to cause confusion or to cause mistake, or to deceive consumers and others in relevant populations, as to the origin, sponsorship, approval or affiliation of the respective goods and services of the parties.

29.     Such use is, therefore, an infringement of Plaintiff Jupiter Power's rights in "JUPITER POWER" which extend, not merely to "JUPITER POWER" verbatim, but to all variations and colorable imitations of "JUPITER POWER", including Defendant's unauthorized uses of both "JUPITER POWER" and "JUPITER POWER Engineering Services".

30.     Defendant's use of "JUPITER POWER" constitutes common law trademark infringement as well as a "false designation of origin" under federal unfair competition law.

31.     On information and belief, Defendant's usurpation of the "JUPITER POWER" mark creates, or is likely to create both direct and reverse confusion.

32.     Defendant's use of the "JUPITER POWER" mark is, on information and belief, likely to be viewed (at least by some) as indicating Defendant's ownership of "JUPITER POWER" and of all confusingly similar and colorable imitations thereof.

33.     It is likely that members of relevant populations will believe that "JUPITER POWER" is somehow owned or controlled by Defendant, and that the JUPITER POWER-branded products or services represent an infringement of some non-existent right of Defendant.

## IV.    COUNTS

**FIRST COUNT – INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK OR SERVICE MARK 15 U.S.C. § 1114).**

34.     Plaintiff Jupiter Power realleges and incorporates by reference the foregoing paragraphs 1 – 33 of its Complaint.

35.     Plaintiff Jupiter Power exclusively owns valid and protectable trademark rights in the "JUPITER POWER" mark, including rights flowing from U.S. Trademark Registration No. 6357084, which is valid, subsisting, and in full force and effect.

36.     Plaintiff Jupiter Power has suffered commercial and reputational harm as a result of Defendant's conduct.

37.     Defendant has used, and continues to use, the "JUPITER POWER" mark, as well as confusingly similar designations, without authorization and without any license, in commerce and in connection with the marketing, promotion, display, offering for sale, and sale of energy industry related services.

38.     Defendant's use of the "JUPITER POWER" mark, and confusingly similar marks and references, is likely to cause confusion, mistake, or deception among consumers, including consumers of the respective parties' services, as to the source, sponsorship, affiliation, or approval of Defendant's products or services.

39.     Actual confusion has occurred.

40.     Defendant's activities constitute trademark infringement and is to be compensated pursuant to at least 15 U.S.C. §§ 1114, 1117.

41.     The injuries and damages sustained by Plaintiff Jupiter Power have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of services under the "JUPITER POWER" mark.

42.    Plaintiff Jupiter Power has no adequate remedy at law, and, if Defendant's actions are not enjoined, Plaintiff Jupiter Power will continue to suffer irreparable harm to their reputation and the goodwill of their well-known "JUPITER POWER" mark.

43.    Any willful nature of Defendant's infringement, if established by subsequent discovery, will render this case exceptional within the meaning of 15 U.S.C. § 1117, entitling Plaintiff Jupiter Power to an award of its reasonable attorney's fees.

**SECOND COUNT - FALSE DESIGNATION OF ORIGIN, FALSE OR MISLEADING ADVERTISING, 15 U.S.C. §1125(A)).**

44.    Plaintiff Jupiter Power hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint, including paragraphs 1 - 43, as though fully set forth in this cause of action.

45.    Defendant's actions as described herein constitute direct and/or contributory violation of 15 U.S.C. § 1125(a)(1)(A), as such actions are likely to: (a) cause confusion; (b) cause mistake; or (c) deceive as to the affiliation, connection, or association of Defendant with Plaintiff Jupiter Power and/or to the origin, sponsorship, and/or approval of such goods by Plaintiff Jupiter Power.

46.    Plaintiff Jupiter Power alleges upon information and belief that, as a proximate result of Defendant's trademark infringement, Defendant has unlawfully profited in an amount to be proven at trial.

47.    Defendant's acts of violating, directly and/or contributorily, Section 1125 have caused, and will continue to cause, Plaintiff Jupiter Power irreparable harm unless they are enjoined by this Court.

48.    The injuries and damages sustained by Plaintiff Jupiter Power have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of services under the "JUPITER POWER" mark.

49.    Plaintiff Jupiter Power has no adequate remedy at law, and, if Defendant's actions are not enjoined, Plaintiff Jupiter Power will continue to suffer irreparable harm to their reputation and the goodwill of their well-known "JUPITER POWER" mark.

## THIRD COUNT - FEDERAL TRADEMARK INFRINGEMENT
## (REVERSE CONFUSION)

50.    Plaintiff Jupiter Power incorporates the foregoing paragraphs 1 - 49 as if fully set forth herein.

51.    The use by Defendant of the brand name "JUPITER POWER" in interstate commerce is likely to cause confusion, mistake, or deception among purchasers or prospective purchasers as to the respective source, sponsorship, approval or affiliation of Plaintiff Jupiter Power's and Defendant's products.

52.    The infringing acts of Defendant are likely to also create reverse confusion (that Plaintiff Jupiter Power or Plaintiff Jupiter Power's licensees' goods are produced by, sponsored by, approved by, or affiliated with Defendant).

53.    Defendant is therefore liable for infringement of Plaintiff Jupiter Power's trademark and service mark rights as described herein as constituting direct and/or contributory violation of 15 U.S.C. § 1125(a)(1)(A), as such actions are likely to: cause reverse confusion in a manner to deceive as to the affiliation, connection, or association of Defendant with Plaintiff Jupiter Power and/or to the origin, sponsorship, and/or approval of such goods by Plaintiff Jupiter Power.

54.    Plaintiff Jupiter Power has been and is being irreparably damaged by the foregoing acts of Defendant and, unless Defendant is restrained, said acts will continue.

55.    Having no adequate remedy at law, Plaintiff Jupiter Power seeks injunctive relief in addition to its actual damages and Defendant's profits.

56.    Any willful nature of Defendant's infringement, if established by subsequent discovery and proven at trial, will render this case exceptional within the meaning of 15 U.S.C. § 1117, entitling Plaintiff Jupiter Power to an award of its reasonable attorney's fees.

## V.    PRAYER FOR RELIEF

57.    WHEREFORE, Plaintiff Jupiter Power respectfully prays:

a.    For an award of Defendant's profits and Plaintiff Jupiter Power's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15. U.S.C. §§ 1117 and 1125(c), as applicable.

b.    Preliminarily and permanently enjoining Defendant and their agents, employees, officers, directors, owners, representatives, successor companies, affiliates, subsidiaries and related companies, and all persons acting in concern or participation with it, and each of them, from:

i.    The provision of services, the import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product or services identified in the Complaint and any other product or service which infringes or dilutes any of Plaintiff

Jupiter Power's intellectual property, including any mark, trade name, entity name that includes "JUPITER POWER".

ii.     The unauthorized use, in any manner whatsoever, of "JUPITER POWER", including any variants, colorable imitations, translations, and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

      1)     On or in conjunction with any product or service; and

      2)     On or in conjunction with any advertising, website page(s), social media titles or captions, promotional materials, labels, hangtags, packaging or containers.

i.     The use of any Plaintiff Jupiter Power's intellectual property, including any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembles, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendant originate from JUPITER POWER, or that said merchandise or service has been sponsored, approved, licensed by, or associated with JUPITER POWER or is in some way, connected or affiliated with JUPITER POWER.

ii.     Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendant is connected with, or are in some way

10

sponsored by or affiliated with JUPITER POWER, purchases product from or otherwise have a business relationship with JUPITER POWER.

iii.     Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of JUPITER POWER.

iv.     Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff Jupiter Power's Mark or which otherwise refer or relate to JUPITER POWER or any of Plaintiff Jupiter Power's Marks.

v.     Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any of Plaintiff Jupiter Power's Marks or which otherwise refer or relate to JUPITER POWER or any of Plaintiff Jupiter Power's Marks.

vi.     Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on JUPITER POWER within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form, in which Defendant have complied with the injunction.

c.      For an order from the Court requiring Defendant provide complete accountings and for equitable relief, including that Defendant disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amounts of monies that should have been paid if Defendant complied with their legal obligations, or as equity requires.

d.      For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to Plaintiff Jupiter Power.

e.      Pursuant to 15 U.S.C. § 1118 requiring that Defendant and all others acting under Defendant's authority at their cost, be required to deliver up to JUPITER POWER for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of Plaintiff Jupiter Power's Marks alone, or in combination with any other word, words, or design.

f.      For treble damages suffered by Plaintiff Jupiter Power as a result of the willful and intentional infringements engaged in by Defendant, under 15 U.S.C. § 1l17(b), if established at trial.

g.      For an award of exemplary or punitive damage es in an amount to be determined by the Court.

h.      For an award of Plaintiff Jupiter Power's reasonable attorney's fees.

i.      For all costs of suit.

j.      For such other and further relief as the Court may deem just and equitable.

Dated: February 17, 2026

Respectfully submitted,

/s/ David G. Henry, Sr.
David G. Henry, Sr.
State Bar No. 09479355
dhenry@munckwilson.com
**MUNCK, WILSON & MANDALA, LP**
510 Austin Avenue, Suite 3100
Waco, Texas 76701
(254) 362-2300
(254) 362-2304

*Attorney for Plaintiff Jupiter Power, LLC*